09-3492-ag
Chen v. Holder

BIA
A077 341 215

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of May, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

LI FENG CHEN, also known as ZI WEN WANG,
> *Petitioner*,

v.                                              09-3492-ag
                                                NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Carl H. McIntyre, Assistant Director, Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Feng Chen, a native and citizen of the People's Republic of China, seeks review of a July 20, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Li Feng Chen*, No. A077 341 215 (B.I.A. July 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Chen's motion to reopen as untimely because he filed it over six years after his July 2002 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

The 90-day filing deadline may be excused if the alien can establish "changed country conditions arising in the country of nationality . . . ." 8 U.S.C.

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  Here, however, the BIA reasonably concluded that reopening was not warranted because Chen's motion was based not on changed country conditions in China, but on changed personal circumstances – his conversion to Catholicism.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155-56 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme").  Furthermore, there is no merit to Chen's argument that he was not required to show changed country conditions in order to excuse the untimely filing of his motion to reopen.  *See Yuen Jin*, 538 F.3d at 151.

Lastly, in challenging the BIA's finding that he failed to demonstrate how the treatment of Christians in China today differed from that which existed at the time his

3

hearing concluded, Chen cites only to evidence not in the administrative record. However, evidence not included in the administrative record is not reviewable by this Court. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007). Accordingly, we will not disturb the BIA's changed country conditions finding. We also need not reach Chen's argument that he is *prima facie* eligible for relief because he was required to show changed country conditions in order to succeed on his untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk